The fourth case in the morning call 2-09-0674, People of the State of Illinois v. Robert Hernandez. On behalf of the Appellant, Mr. Mark Levine. On behalf of the Academy, Ms. Paul Schroeder. Good morning, Mr. Chairman. Good morning. I'm Mark Levine of the Office of the State Appellate Defender, representing the Defendant Appellant, Robert Hernandez. This appeal comes here from Kane County, where the defendant was convicted on two counts of obstructing a peace officer. These are Class A misdemeanors. The question on appeal is whether the convictions must be reversed because they were obtained in a bench trial without his having waived his right to a jury trial as to these charges. Now, although he did waive his right to a jury trial as to domestic battery charges, the obstructing charges were filed some months later. When this case was set for oral argument, the Court ordered the parties to be prepared to discuss two things, People v. Fray, a 1984 Supreme Court case, and whether there's a sufficiently complete record of proceedings to support the claim of error. So that's what I'd like to discuss, first Fray and then the sufficiency of the record. The fundamental, well-settled principles here are that a defendant validly waives his right to a jury trial only if the waiver is made understandingly in an open court. And the waiver is good if it's made by counsel, by the defense attorney, if it's done in open court in front of the defendant. There's no question that there was a valid jury waiver taken in open court, executed by the defendant, his lawyer, and initiated by the court, correct? That's correct. With respect to the domestic battery. That's correct. He was not convicted on that charge, however. And the defendant was given notice by the state that they intended to amend the complaint and add the obstructing charges. After his waiver, he was given that notice, correct? Several months after his waiver, he was. Correct. Who also was the attorney who executed the written jury waiver for him. That's exactly right. The point, however, is that the amended charges didn't come until months after the waiver. Now, Frey, as here, and it's the reason the court asked to discuss Frey, it was also undisputed that the defendant waived his right to a jury trial on one charge, and over there it was reckless homicide. And then later the state amended the charge to add another charge, DUI. And Frey was convicted only on the later filed charge. But at a hearing, then he filed a motion for a new trial, Frey, and the Supreme Court said that at the motion, at the hearing on the motion for a new trial, the prosecutor gave unrebutted testimony that the defendant was present on occasions when the matter of bench trial was discussed, and at some point he was advised of his right to a trial by jury or by the court. In Frey also, weren't there some stipulations that the parties entered into? Yes, there were. Then most of the evidence at the reckless homicide would be considered by the judge in the subsequent DUI trial. There was an agreement that the two charges would be tried separately, but of course they were somewhat interrelated, and so there were some stipulations about evidence on one would be also considered on the other one. They were tried one day, one charge was tried, and then the next day the other charge was tried. But the point is, he was convicted only on the later filed charges, and the motion for a new trial obviously applied only to the charge on which he was convicted. And that's the one on which the prosecutor testified. So that's the fact that makes Frey different than this case. We don't have anything like that. There is no evidence here, there's no indication in the record here, unlike Frey, that this defendant was ever waived his right to a jury, or the counsel ever waived his right to a jury in open court in front of him, as to the new charge. Unlike Frey, where there was testimony, unrebutted testimony by the prosecutor, that that's what happened. Let me ask you this. There is a long line of cases where the appellate court and the Supreme Court have recognized that the client, the defendant, speaks through his attorney. Yes. And where there is a record of a jury waiver signed by the defendant and his counsel in open court, the presumption is the defendant understood and provided a knowing and voluntary jury waiver. That's correct. That's certainly correct. As to the charge, charges that were pending when he signed the waiver. Let me ask this. The court, in this case, entertained the defendant's motion regarding what the defense counsel argued was an improper joinder, correct, because it came too late, but there was no speedy trial demand. That's correct. There's a reason for that. There was no speedy trial. He didn't raise the issue of his client's right to a jury trial at that time. Instead, he answered ready for bench trial. Precisely. If he had raised it at that time, then it would have been discussed in open court in front of the defendant, and we'd have a good waiver here. But that didn't happen. We don't have any affidavit from the defendant that he didn't understand his right to a jury trial on the new charges. There's no affidavit from the defendant? That's unnecessary. And the reason it's unnecessary is that the law is that the record has to show that he waived it on the record. The burden, essentially, is on the state or on the court or on the ‑‑ it's not on the defendant to show that he didn't understand. The burden is on the other side to show that he did. And it doesn't take much, but there has to be something. Doesn't People v. Young and other cases stand for the proposition that where there is a written jury waiver taken, set aside from the fact that there are charges added, the same problem existed in Fray, where the court said to allow the defendant to gamble on the outcome of a case in front of the court, and then later on come back and say, no, I really wanted a jury trial on those counts. Isn't it the same thing that's going on here? He won. He benefited from the bench trial on the original charges, domestic battery, prevailed on those counts. Now he's coming back and saying the same thing that the defendant said in Fray. Oh, now I really wanted a jury trial on the obstructing. Well, he's not gambling, really, because it's not under his ‑‑ it's not fully under his control. There's a judge there, there's a prosecuting attorney there, and the record needs to be made. What about his lawyer? Also his lawyer. Courts have traditionally relied upon representations of counsel, especially where there's already a written jury waiver in the record. But as a ‑‑ the essential point here is that that waiver was as to some different charges. These charges were filed later. We don't know what was set on the record, do we? We have an agreed statement of facts about what was on the record, and if ‑‑ We don't have anything. Let me move on to discussing the record. One more moment. There's nothing in the agreed statement of facts as to what the communication or conversation was between the court and counsel just before the trial began, correct? Well, yes, there is. It refers to the jury waiver that happened in November. It says the jury having been waived in November. It does not say that there was any discussion now. Now, if it had happened after we filed our brief raising this issue and the state's attorney's appellate prosecutor calls up the prosecutor and say, what's happening here? And the prosecutor could have said, wait a minute, there was a discussion about that. What are they talking about? And they could have gotten an affidavit. Certainly they could have gotten an affidavit. And they could have moved to supplement the record. And that would have raised a doubt about the completeness of this agreed statement of facts that the prosecutor signed along with the defense attorney. There's no ‑‑ Well, is that the equivalent of a bystander's report that you refer to an agreed statement of facts? A bystander's report, Your Honor, would be something that's ordered by the court. They're very similar in the equivalent, basically. I don't agree with that statement. A bystander's report is a quote ordered by the court. The court ends up, you can have a bystander's report if the parties agree to whatever facts are stated in the bystander's report. It's not necessary that the court approve it. I stand corrected. The court is only required to approve it when there's a dispute between the parties as to the facts. Then the court decides what facts are or should be incorporated into the bystander's report. Let me ask you this. The defendant made a motion at the end of the ‑‑ after the trial for a new trial based on he was entitled to a jury trial. Who is the burden of proof on that issue? Are we making a hypothetical here? Let's look at the facts here. He didn't make a motion on that basis here. He made a motion for a new trial. He made a motion for a new trial. He had been convicted. Yes. And he's making a motion for a new trial based on the fact that he was entitled to it, that he didn't have ‑‑ there was no jury waiver of record. No, Your Honor. That wasn't raised. That wasn't raised. What was the issue raised? I believe the 167‑day delay was raised. If improper driver was ‑‑ was that the issue? I think that was an issue that was raised. There were several issues that were raised that I didn't think would be worth raising in this court. Okay. So we're bringing this as plain error, and there's a slew of cases, Bracey and others, that say that this would be plain error. So that's the basis on which we're here. This is a fundamental ‑‑ jury trial is a fundamental right. A point that you didn't raise in your brief, but something I found in the record, it appears that the judge who took the waiver was a different judge than the judge who heard the trial. McMorrill heard the trial, but some other judge. I can't make out his initials, but it's clearly a different signature. Do you know the name of the judge who took the waiver? I'm afraid I do not. And how does that impact the analysis, that it's a different judge who takes the waiver? I don't think it impacts ‑‑ I don't think it affects it at all, because there's no question about the original waiver back in November, I think. It was in November. The charges were filed in October. He waived us to those charges in November. Then in February, the state filed a motion to add the new charge, and that motion was made in April on the day of the trial. But wasn't the change in judge one of the strategy issues that the Supreme Court talked about in Bracey, that it was a different judge on remand than the judge who the defendant originally waived before? Doesn't that affect whether or not the defendant provides a voluntary waiver, that it's a different judge? I can't think that it would, because he waives his right to a jury, if at all, before the court. And which particular judge is sitting there, I can't think right now how that would make a difference. In real life, don't you think that makes a difference, that judges are different? You may want a bench in front of Judge Ballman. You might want a jury in front of Judge Burkett or vice versa. Doesn't that affect the decision, or at least the competency of counsel? I suppose it could. It's not an issue that we've raised over here, but I do understand the point. Our point is that he didn't waive his right on these charges at all before any judge. Wouldn't it make sense that if you're being charged with an offense wherein you're holding a child up before you as a shield, so to speak, that that's something you would rather do before a judge than a jury? I mean, Justice Burkett makes a good argument talking about the Fray case. How do we have now people, do we set the precedent that people, if they don't like the outcome of a bench trial, then they can turn around and say, hey, wait a minute, I want to be a jury? And it would seem to me that this might be a good case to try before a bench rather than a jury, these charges. That, of course, would be a decision that trial counsel would make with his client. They would certainly discuss that. And that's actually a very, very important point. That's why, that's the, actually that's the basis of the argument that I'm making here today, that a defendant waives his right to a jury as to certain charges, certain pending charges, making these considerations. Do I want a bench trial? Do I want a jury trial? On these charges, for all the reasons that you just mentioned. But he can't be said to knowingly waive his right to a jury trial on whatever the state may choose later on to charge him with. And certainly later on, if the state adds some new charges, he can move to withdraw his jury waiver. But that's based on the court's discretion about whether it's going to let him withdraw his jury waiver. So he waives as to these charges. So I want a bench on that. The state then files some new charges and he says, whoa, those charges I want a jury on. But it's too late. It's too late. He's already waived. And now he's going to ask the court's discretion to let him withdraw his waiver? A rule like that would lead to all kinds of mischief. But that's not the rule. Because Bracey is the case that's the Supreme Court case that's controlling him. Your time is up. You can follow up on any other point you want to make. I'll get to my bottle. We'll have your bottle. Thank you very much. Good morning, Your Honors. May it please the Court, my name is Constance Augsburger. I'm here today to represent the people of the state of Illinois. I'm arguing on a brief that was prepared by a law graduate, Gary Klinger, who has since been sworn into the practice of law and has accepted employment in the private sector in Chicago. And regrettably, he could not be here today. I hope that I do his argument justice. The court specifically asked Mr. Levine and me to be prepared to discuss People v. Frey and Fooch v. O'Brien. And Mr. Levine did discuss People v. Frey. And People v. Frey is a case that has several points of similarity to the instant matter. In both Frey and the instant matter, the defendant was charged with a couple of charges. He waived his jury trial and signed a written waiver. Later, additional charges were added. And then later a trial occurred. The difference between the Frey case and the instant case is the Frey case apparently had a much more developed record. It's a lot easier for us to discern what the facts of the Frey case are because it appears there was a lot more record there. In the instant matter, there is a common law record. It's fairly pithy, and it's not as complete as common law records are that I've received in some appeals. And the minute orders and so on are filled with abbreviations and initials, so sometimes we have to discern what they say. And then there's no record of proceedings at all. There is an agreed statement of facts that was prepared by either the assistant state's attorney or the public defender, one or the other. And they both signed off on it. And I believe that that would have probably been prepared pursuant to Supreme Court Rule 323, which provides that the appellant will provide a record to the court generally in the form of the common law record and a record of proceedings. But if no transcript is available, perhaps no court reporters were there, no recording was being made, the parties can submit a bystander's report. And I believe that's under 323 sub c. And the agreed statement of facts is under Supreme Court Rule 323 sub d. But I could be off by one subparagraph or the other. They're right next to each other in Supreme Court Rule 323. So there isn't any question that the parties were within their authority to agree to a statement of facts. The fact does remain, however, that the burden is always on the appellant, whoever he or she may be, to provide a sufficiently complete record for this court to review. By its very nature, an appeal requires a sufficiently complete record. It doesn't mean that every single jot and tittle that occurred in the trial court has to be presented. But certainly, whatever the controversy is, whatever the argument or contention that's being raised by the appellant, in order for it to be decided and determined by a court of review, there has to be a sufficient record. So obviously, now I've shifted gears to Fooch v. O'Brien, which was the other case that this court asked us to discuss. And Fooch v. O'Brien does indicate to us, and it's from 1984, too, interestingly. Both of these cases are from 1984. By definition, a reviewing court does, in fact, need a record to review. The appellant has the burden to provide a sufficient record, so there is a sufficient factual basis for the reviewing court to consider the contentions and arguments being raised. In the absence of a record, the appellate court, the reviewing court, has a couple of presumptions that it has to make. And one is that any factual rulings by the trial court had a sufficient factual basis. Also, that the trial court did not abuse its discretion and that it acted in conformity with the law. And any doubts that are raised because of the incompleteness of the record should be resolved in favor of the trial court doing its job properly. Now, you never raised any false arguments until the court asked you to address it, correct?  And driving over here this morning, and actually when I was preparing for my argument the other day, I thought, that's probably a question that's going to be asked, why didn't we raise it? And the short, simple fact of the matter is, Mr. Klinger, who prepared the brief, I don't think he knew he could argue that. This was the first brief that he ever prepared. And I, frankly, as his mentor and supervisor and the mentor and supervisor of the other folks in our program, I don't have the opportunity in advance to always sit down and review all the records from start to finish. So your Honor is correct. This is an issue that should have been raised by us. It nevertheless is an appropriate issue for the court to consider. I offer two contentions. On the one hand, from the people's perspective, we submit that there is, at a minimum, the bare minimum of a record here for the court to discern that the jury waiver was valid. Alternatively, if, as you are going through the record with your fine-tooth comb and really trying to decide what do we have in front of us that shows us that the defendant waived his jury trial, knowingly and understandingly, you may ultimately, and a reasonable jurist certainly could, conclude there isn't a sufficient record here to decide exactly what was said or not said. Do you agree that the statement of facts and the additional facts that were agreed upon by the parties would be the equivalent of a bystander's report? Not really. It's far less complete than bystander's reports that I've seen, but this could have been very complete. I didn't have anything to do with the drafting of it, so I don't know the telephone calls and the drafts that might have gone back and forth between the parties. A bystander's report, I think traditionally, at least the ones that I've seen, have been fairly, fairly complete. This is in the form of a summary, really. In the absence of a record, there's a presumption that the trial court complied with the law, correct? Absolutely, Your Honor. So in the absence of a complete record with regard to the conversation that occurred prior to trial with the defense counsel, the state, the court, after granting the state's motion to join the new charges, which the defendant had for a couple of months prior to trial, same lawyer, the court then calls the case for bench trial. Can we infer that both sides then answered ready for bench trial? I don't know that we have any choice other than to infer that. A couple of other things, let's say, for example, hypothetically, if the defendant were instead raising an issue as to the trial court not properly admonishing him as to his appeal rights, for example, the agreed statement of facts is silent on that. I think the court, if that were the issue in front of the court today, you would have no choice but to presume that the trial court acted in conformance with the law and that it did adequately admonish the defendant of his appeal rights. Or if the issue had something to do with the trial court doing something inappropriate as to a mitigating or aggravating factor on the sentence, this particular agreed statement of facts is silent as to any kind of colloquy that was engaged in during the sentencing. Another thing that the agreed statement of facts is silent on, it does indicate that defense counsel objected to the motion to amend. The motion to amend was submitted on February 11, 2009, and at the bench trial date, which was April 7, 2009, defense counsel argued against it, apparently saying that it was subject to compulsory joinder. Apparently, the trial court didn't agree with him because the trial court rejected his motion. Exactly what defense counsel said in support of his argument, what the assistant state's attorney said in response to that argument, any questions the trial court may have asked, those aren't known to us because the record wasn't preserved. Let's talk about the Bracey case that your opponent has addressed. Bracey sets out, as all of the case law concerning jury waivers, is it must be knowingly involuntary. How does somebody waive a charge, waive a jury on a charge that they don't even know is against them yet? Well, that really is more of a Fray question rather than a Bracey question. In Bracey, there's a really, really important difference between Bracey and the instant facts and Bracey and Fray. In Bracey, the defendant's case went all the way through to a bench trial. He did execute a jury waiver. There was a bench trial. At the close of the bench trial, he was convicted, and the trial judge asked him if he had any questions. And the defendant said, well, hey, when do I get my chance to talk? Right. And then Judge Broderick sent it to another judge. He sent it to another judge. I understand that this is not exactly the facts that they were two different jury waivers. I'm just talking about knowingly involuntary. I know the facts of Bracey, and I know the facts of Fray. And this is more of a Fray, but Fray is a little different because didn't the court and the attorney, they really discussed in front of the bench what was going on with the charges. Well, apparently the record tells us that. Exactly. But in this case, we have a case where the defendant waives a jury trial on battery charges, then comes back, and there's new charges brought. So how did he waive on the new charges? Are you saying it was by acquiescence? It would appear to be based on the record that's in front of us. And that's really what the Fray case is all about. There the Supreme Court said there's a sufficient record for us because every jury waiver is going to turn, whether it's valid or not, it's going to turn on a careful examination of the facts and circumstances of the individual case. So how about plain error? Plain error? How about the plain error rule in this case? When you talk about where there's a violation of someone's jury rights, can't we impose plain error? Can't we look at plain error? Well, if we can figure out where in the record that the plain error occurred, I would agree with you, Your Honor, but the record really doesn't tell us that. But before you came here today or before you got our order, you felt the record was sufficient to tell us. I think arguably, as I said at the outset, at a minimum, this is a very, very minimal record. And the court can infer from the fact that the defendant did sign a jury waiver. Now, it's interesting. It's important to remember there is case law that says the presence of a written jury waiver is not conclusive or dispositive of whether the jury waiver was validly taken, whether it was knowing or understanding. It's simply evidence of that. And the reviewing court is going to decide how much weight it's entitled to, in a sense. And also the absence of a written jury waiver isn't fatal. So that there's a jury waiver in this record simply shows us that at some point a jury waiver was executed. Exactly what was even said that day, we don't know. You agree that the defendant has to waive a jury with respect to the charges of obstruction. Do you agree with that? He has to? Well, there has to be a finding that he waived a jury because he has a right to a jury trial after he's arrested. That right is implicit. Yes, it is, Your Honor. And then there has to be a waiver. Correct? Yes, Your Honor. And you're taking the position that, well, two positions. On the brief, you didn't get into Fauch, but ignoring Fauch for the moment, the issue was you're relying on the fact that there was a prior waiver on the domestic battery charge. There were two domestic battery counts, yes. And you're taking the position because he waived his right to a jury trial on the domestic battery case, and there's somewhat of a relationship between the obstruction charges and the battery charges. And those facts are the basic facts that would come to acquiescence in a jury trial for purposes of the obstruction charges. Yes, Your Honor. And the argument that we made in our brief was exactly that. The motion to amend the complaint to add the two obstruction of peace officer charges was filed on February 11th, and copies were sent to the public defender, to Mr. Dixon, who represented the defendant, about that same time. And it was noticed up for the bench trial date, April 7th, later that year. And at the bench trial date, that was when apparently the public defender argued against the motion to amend. He certainly knew about it. And nobody said anything. I don't know whether they did or they didn't. I can't represent to you that nobody said anything about the jury waiver. Stop at this point. Yes. Is there a requirement on the defendant to say, well, by the way, Judge, I want to make sure the record shows I waived to the jury for my client? Or if it's a pro se trial, at some point the defendant has to go out of its way and say, by the way, voluntarily, I want to waive my right to a jury trial. There has to be some evidence in the record that the defendant waived his right to a jury trial knowingly and understandably. Who has the burden of establishing that claim in the record? Does the defendant have the burden of proving that he waived the jury, or is that the burden on the state? Well, that's a really interesting question. I'm not sure that that's an answerable question because that's not where we are. We're on appeal now, and we're in the stance where the appellant has the job of presenting a complete record. The state's taking the position that the original jury waiver, plus the other facts, the motion regarding the consolidation or the merger of cases, and the fact that when the case came up for trial, the obstruction charges were filed at that point in time, and that was the day the case went to trial. And there's nothing in the record to show anything about jury waiver, non-jury waiver. It's just that the case went to trial as a bench trial. Yes, and really? And those are the basic facts we analyzed under the totality of the facts. Absolutely, Your Honor. And what we find when we talk this way, all of us, we keep coming back around full circle to the bottom line that the record is woefully incomplete. And in that particular instance, then, the trial court should be presumed to have adequately observed the defendant's rights. Well, here I keep getting back to the plain error rule when you look at whether or not a violation of one's right to a jury trial has occurred. And you look at the Bracey case that cites Vernon v. North Chicago, and it states that the waiver of the, quote-unquote, high and sacred constitutional right of trial by jury should be strictly construed in favor of the preservation of the right. So you're asking us to say, gee, there's not enough there to look at whether or not he waived his jury, waived the jury trial. Did, as Justice Bowman asked, whose burden is it? Is it the, or whose job is it? Is it the job of his attorney to say, oh, I screwed up and I forgot to re-advise him? Or is it the judge's job as a judge to say, hey, do we have a jury waiver in this case? And when you have that much time between jury waivers, should the judge have said, you know, here we had a jury waiver that you waived back on November 13th. Sir, I'm going to go over this with you again. There are new charges. Whose right is it or whose job is it to protect that most valuable constitutional right of a defendant? I think that probably we'd all be safe in saying that it's the trial judge's job to do that. And we don't know what this trial judge said or didn't say. The record is utterly silent as to that. He may have said a few words about it. And some of the cases that have held a jury waiver was valid were really short and sweet. Do you wish to have a jury trial or not? I wish to have a bench trial, Your Honor. And in some cases, depending on the facts, that's enough to be a jury waiver. That may have happened on April 7th, but we don't know. If the state was involved and the defense was involved in preparing that agreement and that happened, don't you think it would be in that agreement? I can't say, Your Honor, because there's a lot of other things that aren't included in there either. There's no details included about the sentencing. There's no details included about his admonition of his appeal rights or anything. Is that what's before this court? No, it's not, Your Honor. So the sole issue that is before this court is whether or not he waived, knowingly or voluntarily, waived his right to a jury trial. So if one were preparing an agreed statement to go to the appellate court with respect to whether or not one waived their right to the jury trial, don't you believe that would be in there? Yes, it probably should be, but it's really not the appellee's burden to prepare the record. It's the appellant's burden to prepare the record. Whoever typed it up, I have no idea who it is, but if they wanted more in there, they could have done it. An assistant state's attorney and Mr. Dixon, who was the trial attorney for the defendant. And I do note also this trial occurred in April of 2009, and this agreed statement of facts didn't come until July of 2010. And if you read Supreme Court Rule 323, those kinds of things, bystanders' reportants and agreed statements of facts, are ordinarily supposed to be in the record within 30 days. So, you know, someone read the record and said, whoops, we haven't got anything here. I just have one quick question. Again, the question I asked earlier, isn't the fact that it's a different judge, you acknowledge it was a different judge that took the waiver than the judge who heard the trial? I have a hard time answering that, Your Honor. I'm not sure that it really matters. Certainly, the different judge made a difference in Bracey, but not for the reason that Your Honor is suggesting. But isn't the fact that it is a different judge a factor? I mean, just in common sense, that whoever the judge is, is going to play a role in whether or not you get to go bench or jury. Well, you know, that's a very interesting point, Your Honor, and it actually could cut both ways. The record doesn't tell us what the second judge said, what Judge Morrow said at the trial. We don't know if he said, oh, well, I see Judge so-and-so took a jury waiver back on thus and such date. Is it still your desire to have one? We don't know whether he said that or not. And certainly, that would be a good practice for a trial judge to be involved in. But I can't speak to it because I wasn't there. Article 115 and 113 both require a written jury waiver. Yes. On the offense, not the case, but on each offense that the defendant is charged with. Yes, and the case law is very clear on that, that a written jury waiver, even if it's in the record, that's not a lead pipe cinch saying, yes, this jury waiver is valid. Its mere existence doesn't answer that question. All it does is it tells us at least at one point it was considered. If there were no written jury waiver in there at all, but there was a notation that a jury waiver was taken. You know, there's a difference between whether or not a jury waiver is made knowingly, intelligently, freely, and voluntarily. And our issue, our issue is not whether it's made freely and voluntarily. Our issue is whether one was made. Well, one was made in November. The question is, did he renew that? We know the one was made in November. I think that's an undisputed fact. Yes. But we have to use the waiver in November to find that there's a waiver for the obstructing charges. Do you agree with that? I'm not sure. If you didn't have a waiver in November, would you be able to say when the case came up for trial, the battery and the obstruction that there was a waiver? Very likely not, Your Honor. Very likely not because the record doesn't really have enough information in it for us to construct a second complete jury waiver. We don't know what was said and what wasn't said. That's why I say the issue is, is there a waiver or is there not a waiver? We're not talking about an intelligent knowing waiver. And you have to rely on the November waiver to find that there was a waiver on the date of trial on the obstruction charge. Yes, absolutely. Do you agree with that? I believe that you're most likely right on that, Your Honor. And really, because we keep coming, again, full circle around to what we don't know because it's not in the record, that's where the court's question asking us to brief Fooch v. O'Brien, since our office did not previously brief it, that's probably the most reasonable approach to take to these particular facts. And I think, although it's not a legal argument at all, certainly Justice Shostak's point earlier about if the defendant had clearly been given the opportunity, if we could see in the record and pry into everybody's brains and know exactly what they talked about, and he sat there and chatted with his public defender, well, do you want to go to a jury on this? I really don't think you want to because you were holding a baby out as a shield. I'd advise you not to. But that's just hypothesizing. We don't know what was said and what wasn't said. So putting aside Fooch, your issue would be, assuming we find that there's an adequate record, your issue would be whether the defendant's jury waiver was valid despite the later amendments to the complaint. Absolutely, Your Honor. Absolutely. And I think Frye speaks to that. The difference between Frye in this case is the Frye record was much more complete, apparently. Thank you. Your time is up. Counsel, we'll give you a few more minutes. Thank you, Your Honors. Thank you. The appellee's turn. First on the burden, whose burden is it to show that there was a waiver? The burden is on the party that wants the conviction to stand. That's Bracey. In Bracey, the reason the Supreme Court reversed the convictions was there was no indication in that record that there was a waiver the second time around. Now, here, the lack of a waiver is much clearer than it was even in Bracey, because over there, he was being retried on the very same charges that he'd previously waived his jury right on. Here, they're completely different charges. In Bracey, they said that the Supreme Court said that his waiver had expired because this was a new trial. Okay. But the effect is the same. At the time the bench trial was held, there was no waiver in effect in Bracey because it had expired. Here, because it hadn't happened in the first place. Let me ask this. Yes, Your Honor. There's no point in the effectiveness of counsel. It's just simply there's no record of a valid waiver, correct? That's correct. Can't we, though, infer from the post-trial motion that was filed, where there's no reference made at all to this issue, that there was, in fact, in the record, a valid waiver? Mr. Liam Dixon filed a post-trial motion, did not raise the issue of a waiver at all. Doesn't that create an inference, assuming he's confident, that the judge took a waiver before he went to trial? No, Your Honor. I don't think so. It could be that he just missed it. Well, your client in his notice of appeal didn't raise it. I'm sorry. In the notice of appeal, it's not raised. There was a pro se notice of appeal, correct? I'm not sure. There's only one jury waiver in this case, in fact. Exactly. What's your answer to the voucher question? The answer to the voucher, yes. First of all, the voucher requires a sufficient record on which to base the claim. We have that here. Here, the pertinent facts are undisputed. There's an agreed statement of facts. There are no disputed facts over here. Now, the State is arguing that it's possible, even though the agreed statement of facts doesn't mention it, that it's possible that in the morning of trial in April, after the new charges had been filed, it's possible that there was a discussion of a jury waiver. But Falch says that the facts are taken against the appellant if there's a doubt from the record, not if it's possible that there might have been something else. Here, the record doesn't suggest a doubt. Of course, it's possible. In any case, it's possible that something happened that the court reported didn't catch or so on. So that's all the time. Falch is talking about where the record suggests that there was a doubt that something was decided at a hearing and we don't have a record of that hearing, something like that. So I would distinguish between a doubt coming out of the record, which is Falch, and a possibility that something else might have happened, and that's beyond Falch. That's the situation here. And if there were such a possibility, okay, if that were true, that something else had happened, I have no doubt that they could have gotten an affidavit from the prosecutor who said, gee, when I signed that agreed statement of facts, I missed this. But we really did talk about it. Even after defendant filed his brief, and this issue is the only issue that's being put out there, even then, call up the prosecutor and say, what happened over here? Did you talk about it? Not. If you get involved in the speculation, my thought is the defendant and his attorney might have known the complaining witness who would not appear at a trial, whether it was a jury trial or a bench trial. So they waived the jury trial knowing that there would be no complaining witness. And then when the other charges came up, who knows what they would have done. The other charges being based on a police officer was much more likely to show up. Well, you wouldn't need the complaining witness, the girlfriend, for the obstruction. The police were the witnesses for the obstruction. Exactly. They had all the facts. Exactly. And that's why the jury waiver has to be on specific charges and not whatever might be filed in the future. Thank you very much, Your Honor. All right. Thank you. The case is taken under advisory and the court now stands.